UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JUSTIN L. DALCOLLO,<br><br>    Plaintiff,<br><br>v.<br><br>CHURCHES OF LEXINGTON and<br>JOHN DOES 1-300,<br><br>    Defendants. | Civil Action No. 5: 25-367-KKC<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Justin Dalcollo is an inmate confined at the Menard Correctional Center, a high security prison in Menard, Illinois. Dalcollo has filed a handwritten complaint asserting constitutional claims pursuant to 42 U.S.C. § 1983. [R. 1] Dalcollo alleges that from March 2012 through October 2025 he sought food and shelter from several churches in Lexington, Kentucky. He states that some of them offered assistance, but asserts that other churches and unnamed persons "put an alert a reg flag on my name" and threatened to have him arrested. *See id*. at 3. Menard states that false information was used against him by "a crooked cop and a church" to have him arrested in 2018. *See id*. at 4. Menard contends that these actions violated his religious practice rights under the First Amendment and constituted cruel and unusual punishment under the Eighth Amendment. He also asserts violation of various federal criminal statutes. *See id*. at 4-5. Dalcollo seeks damages. *Id*. at 5. Dalcollo did not pay the required $405.00 filing fee or file a motion to proceed *in forma pauperis*.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the

complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Court will dismiss the complaint with prejudice upon initial review. As a threshold matter, Dalcollo has not adequately identified *any* defendant: he refers only generically to "churches" in Lexington, not to any particular church by name. And his blanket reference to hundreds of "John Doe" defendants likewise fails to identify a particular suable individual. Such anonymous pleading is generally improper. *Brown v. Cuyahoga County*, 517 F. App'x 431, 435 (6th Cir. 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). And when used in wholesale fashion, it is insufficient to commence an action in this Court. *Lewis v. Shelton*, No. 2:18-CV-00029, 2020 WL 4530879, at *4 (M.D. Tenn. Aug. 6, 2020), *report and recommendation adopted*, 2020 WL 4926611 (M.D. Tenn. Aug. 21, 2020) ("… identifying a Defendant [as a "John Doe"] is not enough to commence a civil action against that unknown Defendant.").

In any event, a church is a private entity, not a government employee or state entity. A church is therefore not an entity suable under Section 1983 because it does not act under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Likewise, Dalcollo has no standing to assert violation of the federal criminal laws, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and a complaint alleging violation of them does not present a federal question sufficient to invoke the Court's subject matter jurisdiction. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005).

Finally, it is evident that Dalcollo's constitutional claims are barred by the statute of limitations. Kentucky's one-year statute of limitations applies to Dalcollo's claims under Section 1983. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). The events about which he complains transpired in 2018 when an allegedly "crooked cop" had him arrested. *See* [R. 1 at 4] That claim is plainly time-barred. Dalcollo asserts without explanation that the pertinent events continued

through October 2025. *See id*. at 3. But that is clearly incorrect: Dalcollo has been in the continuous custody of Illinois officials since at least March 2019.[1] Following his arrest, he was sentenced in DuPage County, Illinois to a combined term of 101 years imprisonment following his conviction on multiple counts of robbery, firearms offenses, kidnapping, and aggravated sexual assault. *People v. Dalcollo*, 2024 IL App (3d) 220153-U, *appeal denied*, 246 N.E.3d 1190 (Ill. 2024), *cert. denied sub nom. Dalcollo v. Illinois*, 145 S. Ct. 2797 (2025). The events described in the complaint in Kentucky would necessarily have transpired before he was taken into custody in 2019, and are therefore plainly barred by the applicable one-year limitations period. Independent of the doubtful viability of the claims themselves, the Court will dismiss this action with prejudice as time-barred.

Because he is incarcerated, Dalcollo is obligated to pay the full amount of the $405.00 filing fee for this case, regardless of its dismissal. 28 U.S.C. § 1915(b)(1). Nonetheless in light of the early dismissal of this case, the Court will not impose or collect the required fee from his inmate account at this time. However, should Dalcollo appeal or take further action in this case, the Court will order prison officials to deduct the full amount of that fee from his inmate account. Dalcollo is further advised that the appellate filing fee is $605.00; that amount will be required to be deducted from his inmate account should he appeal.

Accordingly, it is **ORDERED** as follows:

1. The complaint [R. 1] is **DISMISSED** with prejudice.

2. This dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court **CERTIFIES** that any appeal would not be taken in good faith.

---

[1] *See* https://idoc.illinois.gov/offender/inmatesearch.html (accessed October 9, 2025). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

4.  This matter is **STRICKEN** from the docket.

Entered: October 9, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY